UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                               Crim. No. 19-1195 MV

MANUEL DELGADO-SALAZAR,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Manuel Delgado-Salazar's (hereinafter "Mr. Delgado") Motion to Compel Disclosure of Impeachment Material. Doc. 55. The government filed a Response [Doc. 62] and Mr. Delgado filed a Reply [Doc. 65]. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

On April 24, 2019, a Grand Jury returned an indictment against Mr. Delgado alleging that, on or about March 28, 2019, he possessed with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 13. The charges arose from an encounter between Mr. Delgado and DEA Special Agent (SA) Jarrell Perry on an Amtrak train during a brief stop in Albuquerque. During the encounter, SA Perry searched Mr. Delgado's belongings and found a substance later confirmed to be methamphetamine inside a false lining in Mr. Delgado's backpack. Agents subsequently found more methamphetamine in a false compartment in Mr. Delgado's suitcase.

Mr. Delgado filed a Motion to Suppress Evidence. Doc. 27. The Court held a two-day

1

evidentiary hearing on Mr. Delgado's Motion to Suppress on December 13, 2019, and December 18, 2019. The Court issued a Memorandum Opinion and Order on January 13, 2020, denying Mr. Delgado's Motion to Suppress. Doc. 57.

Mr. Delgado filed the instant Motion to Compel Disclosure of Impeachment Material [Doc. 55] on January 2, 2020. In it, he asks the Court to "issue an order compelling the government to disclose impeachment material concerning Mr. Perry, or, in the alternative, order the government to produce the same to the Court for in-camera review." Doc. 55 at 3. Specifically, Mr. Delgado seeks the following items regarding SA Perry:

a. All documentation regarding any and all DEA Office of Professional Responsibility (OPR) investigations;
b. All citizen complaints;
c. Disciplinary referrals;
d. Disciplinary actions;
e. Disciplinary reports;
f. Performance evaluations;
g. Internal investigations;
h. Reprimands.

*Id*. at 3-4. Mr. Delgado also asks the Court to "open the record concerning the Defendant's suppression motion, to allow for possible review and inclusion of the records requested herein." *Id*. at 7.

Mr. Delgado argues that impeachment material is particularly necessary in this case because the Court received contradictory testimony from SA Perry and Mr. Delgado during the suppression hearing, thus requiring the Court to make credibility determinations. *See id*. at 5-6. Mr. Delgado's assertion that the requested materials contain exculpatory and/or impeachment material appears to be based upon the Tenth Circuit's holding in *United States v. de la Campa-Rangel*, 519 F.3d 1258 (10th Cir. 2008), which raised concerns about SA Perry's contradictory sworn statements in that case. *See* Doc. 55 at 2-3, 6-7. The government informed Mr. Delgado in

an email that the OPR investigated the *de la Campa-Rangel* matter and determined that SA Perry did not engage in misconduct. Doc. 55 Ex. 2. The government refused to provide Mr. Delgado with the OPR's report concerning its investigation. Doc. 55 at 3.

In response, the government states that Mr. Delgado's Motion to Compel is moot, as there is no pending proceeding in which the government intends to call SA Perry as a witness. Doc. 62 at 3. The government further asserts that, even if the Motion to Compel were not moot, the government met all of its obligations pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) prior to the suppression hearing. Doc. 62 at 3. The government states, "[p]rior to the Court's suppression hearing on December 13, 2019, the United States reviewed Agent Perry's personnel files and determined there was no exculpatory information casting doubt on Agent Perry's credibility." *Id*. at 4. The government quotes at length from an email that it sent to defense counsel on December 6, 2019, in which the government informed defense counsel:

> [T]he Office of Professional Responsibility found that Agent Perry had not engaged in misconduct. It is the view of the United States that this ends the matter with regard to *Giglio* information related to *Rangel*. If the United States was aware of additional *Giglio* information, the United States would disclose it. The United States, however, is in possession of no such additional information
>
> More specifically, the United States has stated to you that the United States has complied with its obligation under *Giglio*. You have pointed to nothing specific to counter that statement. Although the United States will consider anything you later provide in that regard, it is the United States' view that, under the current circumstances, the burden is on you to bring forward such evidence, and you have not met that burden…

Doc. 62 at 3-4; Doc. 62 Ex. 2 at 3.

**LEGAL STANDARD**

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373

U.S. 83, 87 (1963). The government's obligation to disclose exculpatory material attaches regardless of whether the defendant requests such material. *See United States v. Agurs*, 427 U.S. 97, 107 (1976). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

A court's "materiality review does not include speculation." *Banks v. Reynolds*, 54 F.3d 1508, 1519 (10th Cir. 1995). Accordingly, "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *Id.* (citation omitted). Similarly, "[t]he constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the government.'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)).

In *Giglio*, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. *See Giglio*, 405 U.S. at 153. Thus, under *Giglio*, "[e]vidence affecting the credibility of government witnesses is a category of exculpatory information potentially within *Brady*'s disclosure obligation." *United States v. Bowie*, 198 F.3d 905 (D.C. Cir. 1999). Indeed, "[n]o distinction is recognized between evidence that exculpates a defendant and evidence that the defense might have used to impeach the [government's] witnesses." *Douglas v. Workman*, 560 F.3d 1156, 1172-73 (10th Cir. 2009).

In *United States v. Henthorn*, the Ninth Circuit addressed the specific issue of the government's obligations regarding personnel files of its law enforcement witnesses. 931 F.2d 29 (9th Cir. 1991). Specifically, the court held that *Brady* requires the government to examine the

4

personnel files of its law enforcement officer witnesses for material that could cast doubt upon their credibility. *Id.* at 30. Following the government's examination, "the files need not be furnished to the defendant or the court unless they contain information that is or may be material to the defendant's case." *Id.* at 31. The Ninth Circuit soon thereafter clarified that the government may meet its *Henthorn* obligations by submitting an affidavit by a law enforcement officer personally familiar with the relevant facts. *See United States v. Jennings*, 960 F.2d 1488, 1491-92 (9th Cir. 1992). In *Jennings*, the Court explained that:

> Counsel for the government informs us that the Department of Justice has instituted a policy designed to implement the holding of *Henthorn*. Under this policy, the files of law enforcement officers are to be examined by the appropriate agency's attorney or his [or her] staff. The agency legal staff will notify the federal prosecutor assigned to the case if any potential *Brady* material is found, and the AUSA will then determine whether the information should be disclosed or whether an in camera review by the district court is appropriate.

*Id.* at 1492 n.3.

## DISCUSSION

As a preliminary matter, the Court finds that Mr. Delgado's Motion to Compel is not moot. Mr. Delgado requests that the Court re-open the record concerning the suppression motion to allow for inclusion of the records requested in his Motion to Compel. Doc. 55 at 7; Doc. 65 at 4. He also states that, unless the government does not intend to call SA Perry at trial, there remain pending matters for which Mr. Delgado requests the impeachment material. Doc. 65 at 1-2. In light of Mr. Delgado's explanations of why he seeks the impeachment material, the government's argument that the Motion to Compel is moot fails.

However, the Court also finds that neither *Brady* nor *Giglio* entitles Mr. Delgado to the production of SA Perry's entire personnel file, the OPR investigation(s) of SA Perry, SA Perry's statements to the OPR contained therein, or any of the other impeachment materials that Mr.

Delgado requests. As the Supreme Court has made clear, "[a] defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files... [T]his Court has never held – even in the absence of a statute restricting disclosure – that a defendant alone may make the determination as to the materiality of the information." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Rather, "[i]n the typical case where a defendant makes only a general request for exculpatory material under [*Brady*], it is the [government] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Id.*

In *United States v. Grobstein*, this Court considered a defendant's request for the Court to order the government to produce "all impeachment" evidence within SA Perry's file, including but not limited to his interviews during the course of the OPR investigation that was initiated after the Tenth Circuit's holding in *United States v. de la Campa-Rangel*, 519 F.3d 1258 (10th Cir. 2008). *See United States v. Grobstein*, 13-CR-00663-MV, Doc. 75 at 6 (D.N.M. Sept. 3, 2013). In denying the defendant's request for SA Perry's file, including statements he made during the OPR investigation, this Court explained:

> Contrary to Defendant's contentions, it is not a foregone conclusion, simply because an OPR investigation was undertaken, that the OPR investigative file constitutes exculpatory material to which Defendant is entitled. Agent Perry's interviews, the results of the investigation, and indeed any other information in Agent Perry's files relating to complaints lodged or disciplinary action taken against him *may* include material that casts doubt on Agent Perry's credibility. But it is not the role of the Court, or the right of Defendant, to make that determination. Rather, unless and until Defendant can identify, within the categories of documents it seeks to review, specific exculpatory material that the government has withheld, it is within the sole province of the government to determine what material is exculpatory and thus subject to mandatory disclosure.

*Id*.

Mr. Delgado's request for SA Perry's personnel file, the OPR investigation, and related information are indistinguishable from the request made by the defendant in *Grobstein*. Mr. Delgado attempts to distinguish *Grobstein* by arguing that "Mr. Grobstein failed… to identify why access to Mr. Perry's file was necessary and did not identify or pinpoint the evidence likely to be held in the file." Doc. 65 at 2. However, much like the defendant in *Grobstein*, Mr. Delgado has "identified authority that raises the spectre that Agent Perry engaged in conduct that would cast doubt on his credibility, and has pinpointed specific files that he speculates may contain evidence of such misconduct… but [he] has not… identified exculpatory evidence that the government has withheld." *Grobstein*, 13-CR-00663-MV, Doc. 75 at 5. Mr. Delgado, like the defendant in *Grobstein*, speculates that the OPR file may contain evidence of SA Perry's misconduct in light of *de la Campa-Rangel* opinion. However, as the Court held in *Grobstein*, it is not the role of the Court to make that determination. Rather, this case calls for "the usual prosecutorial examination, as contemplated by *Ritchie* and *Henthorn*." *Id*. (citing *United States v. Brooks*, 966 F.2d 1500, 1505 (D.C. Cir. 1992)).

Additionally, Mr. Delgado cites *United States v. Kiszewski* to support his argument that in-camera review of an agent's personnel file is particularly necessary "where credibility is the central issue in the case and the evidence presented at trial consist of opposing stories presented by the defendant and the government…" Doc. 55 at 5 (citing *United States v. Kiszewski*, 877 F.2d 210 (2nd Cir. 1989)). This Court rejected a similar argument in *Grobstein*, in which it explained that *Kiszewski* did not suggest a different result, especially given that "*Kiszewski* was decided before *Henthorn*, and thus presumably before the DOJ implemented a policy requiring the review of personnel files for exculpatory materials." *Grobstein*, 13-CR-00663-MV, Doc. 75 at 6.

The government represents that prior to the suppression hearing in the instant case, it "reviewed Agent Perry's personnel files and determined there was no exculpatory information casting doubt on Agent Perry's credibility." Doc. 62. at 4. The Court has no reason to doubt that representation by the government. Nevertheless, the Court reminds the government as follows:

> Just as the existence of an OPR investigation is not in and of itself sufficient to necessitate disclosure of Agent Perry's files, the fact that Agent Perry "maintains that he did not lie" during the course of the OPR investigation, as represented by the government in its letter to Defense counsel, is not the end of the inquiry. The government may not rely on Agent Perry's own characterizations of his conduct in determining whether materials contained in Perry's personnel file are exculpatory. Indeed, even if Agent Perry did not engage in outright "lying," there still may be findings or other evidence of misconduct short of formal findings that equally cast doubt on Agent Perry's credibility. Semantics should not take precedence over substance. Nor does the fact that… the OPR determined that Agent Perry did not engage in misconduct end the inquiry. Again, despite such an ultimate finding, there may nonetheless be material in the investigative file that reasonably would cast doubt on Agent Perry's credibility. It is the government's obligation to review Agent Perry's files to determine whether such materials exist.

*Grobstein*, 13-CR-00663-MV, Doc. 75 at 6.

The Court further reminds the government of its continuing obligation to review SA Perry's personnel files, including but not limited to any OPR investigation files, for material exculpatory information casting doubt on SA Perry's credibility, either as a general matter or with special reference to this case. If the government finds any such material, the government shall produce the material to Mr. Delgado.

## CONCLUSION

Because Mr. Delgado seeks to review SA Perry's files in order to search for impeachment material therein, his request runs afoul of controlling precedent, and thus must be denied. Nonetheless, the government must continue to undertake its obligations under *Brady* and *Giglio* to review SA Perry's files for impeachment evidence, and produce any such evidence to Mr. Delgado.

Further, because Mr. Delgado's request to compel disclosure of impeachment material is hereby denied, his request to re-open the record in his suppression motion in order to allow for the inclusion of such records is denied as moot.

**IT IS THEREFORE ORDERED** that Mr. Delgado-Salazar's Motion to Compel Disclosure of Impeachment Material [Doc. 55] is **DENIED**.

Dated this 7th day of February, 2020.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Román R. Romero | Matthew T. Nelson |
| *Attorney for Mr. Delgado-Salazar* | Kristopher N. Houghton |
| | *Assistant United States Attorneys* |